IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MARGIE G. CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Initial Review of Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 94).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to Count I of the Indictment charging her with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. 846; Count III of the Indictment charging her with being in possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c), Count VI and VII of the Indictment charging her with criminal forfeiture. The Defendant did not file a direct appeal.

In her § 2255 motion Defendant alleges four grounds for relief: (1) ineffective assistance of counsel based on defense counsel's failure to object to her ten-year mandatory minimum sentence when the plea agreement stated that "pursuant to Rule 11(c)(1)(C), Fed R. Crim. P., the parties stipulate the most readily provable amount of methamphetamine for which the Defendant should be held accountable is at least 350 grams but less than 500 grams, resulting in a Sentencing Guideline base offense level of 30"; (2) ineffective assistance of counsel based on defense counsel's failure to file a notice of appeal; (3) ineffective assistance of counsel based on the cumulative effect of defense counsel's errors during his representation of defendant; and (4)Defendant's sentence and conviction violate her rights under the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution.

## DISCUSSION

**Ineffective Assistance of Counsel Claims**

The United States shall respond to Chavez's first three claims that her trial counsel was ineffective by filing an Answer.  In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness

**Fourth Claim**

Chavez's fourth claim is that her rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments were violated.  However, the Defendant did not specify the nature of the alleged claim.  Rather, the Defendant merely stated "Ms. Chavez's conviction and sentence are violative of her right to freedom of speech and to petition, her right to be free of unreasonable search and seizure, her right to due process of law, her rights to counsel,

to jury trial, to confrontation of witnesses, to present a defense, and to compulsory process, and her right to be free of cruel and unusual punishment under the Constitution." Therefore, because the specific nature of the claim cannot be determined . The claim is denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 94);

2. Upon initial review, the Court finds that summary dismissal of the Defendant's first, second, and third claims in the § 2255 motion is not required;

3. On or before January 17, 2006, the United States shall file an Answer to the defendant's first, second, and third claims in the § 2255 motion and support its Answer with a brief;

4. On or before February 17, 2006, the Defendant may file a responsive brief addressing only the first, second, and third claims;

5. Upon initial review, the Court finds that summary dismissal of the Defendant's fourth claim in the § 2255 motion is required; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 7th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge