IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           Plaintiff,           )<br>                              )<br>       vs.                    )<br>                              )<br>MARGIE G. CHAVEZ,             )<br>                              )<br>           Defendant.          ) | CASE NO. 8:02CR247<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 94), defendant's Motion for status of § 2255 Motion (Filing No. 96), and plaintiff's Motion to Extend Time (Filing No. 97).

**FACTUAL BACKGROUND**

The defendant pled guilty to Count I of the Indictment charging her with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; Count III of the Indictment charging her with being in possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and Count VI and VII of the Indictment charging her with criminal forfeiture. The defendant did not file a direct appeal.

The defendant's plea agreement stated that "pursuant to Rule 11(c)(1)(C), Fed R. Crim. P., the parties stipulate the most readily provable amount of methamphetamine for which the defendant should be held accountable is at least 350 grams but less than 500 grams, resulting in a Sentencing Guideline base offense level of 30." At sentencing, the

court committed the defendant to the custody of the Bureau of Prisons for 120 months and neither party objected to this sentence.

In her § 2255 motion the defendant alleges four grounds for relief: (1) ineffective assistance of counsel based on defense counsel's failure to object to her ten-year mandatory minimum sentence when the plea agreement stated that "pursuant to Rule 11(c)(1)(C), Fed R. Crim. P., the parties stipulate the most readily provable amount of methamphetamine for which the Defendant should be held accountable is at least 350 grams but less than 500 grams, resulting in a Sentencing Guideline base offense level of 30"; (2) ineffective assistance of counsel based on defense counsel's failure to file a notice of appeal; (3) ineffective assistance of counsel based on the cumulative effect of defense counsel's errors during his representation of the defendant; and (4) defendant's sentence and conviction violated her rights under the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution. On initial review, the court dismissed defendant's Fourth claim and ordered the government to answer the first three claims. The court has reviewed the submissions by the government.

## DISCUSSION

**First Claim**

With respect to the defendant's first claim, in the government's Answer to the defendant's § 2255 motion it concedes that based on the agreed-upon drug quantity in the accepted plea agreement the defendant may be "actually innocent" with respect to the sentence imposed. The government concedes that the plea agreement and other factors taken into account at sentencing actually exposed the defendant to a sentencing guideline

range of 70-87 months not 120 months. In fact, a review of the plea agreement and the presentence investigation report (PSR) support the defendant's argument that the proper guideline range for the defendant's offense was 70-87 months.

A federal prisoner may seek relief from a sentence imposed against her on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations and citations omitted).

Because all parties failed to notice and rectify the error in sentencing, the court concludes that the defendant's sentence of 120 months was a miscarriage of justice. Therefore, the court will grant defendant's § 2255 motion on this claim and will schedule a hearing to resentence defendant, considering the proper guideline range of 70-87 months.

**Second Claim**

In the defendant's second claim, she contends that she received ineffective assistance of counsel based on her counsel's failure to file a notice of appeal.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). In other words, Chavez has the burden of proving: 1) deficient performance on behalf of counsel by demonstrating that her attorney's performance fell "below the minimum standards of professional competence"

3

and 2) prejudice, by showing a reasonable probability that the result of the proceedings would have been different had her attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Chavez must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

Failing to file a notice of appeal when instructed to do so by a criminal defendant constitutes ineffective assistance of counsel. *Estes v. United States,* 883 F.2d 645, 648 (8th Cir. 1989). The Eighth Circuit Court of Appeals has stated the following with regard to the required showing:

> A showing of actual prejudice is not necessary. Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition."

*Yodprasit v. United States,* 294 F.3d 966, 969 (8th Cir. 2002) (citations omitted).

In an affidavit filed with the court, defense counsel Bill Bracker, states that he discussed filing an appeal with defendant but ultimately they decided not to do so because it would be futile. The court has no reason to doubt the veracity of Mr. Bracker's affidavit, and defendant has provided nothing more to prove her allegations than her self-serving statement that she wanted to file an appeal and counsel failed to do so. Therefore, the defendant's claim is denied.

**Third Claim**

Finally, the defendant claims that defense counsel was ineffective for failing to investigate or present available evidence material to sentencing; failing to object to

4

unlawful and unreliable evidence used to determine defendant's guideline sentence range; failing to move for the proper downward departure at sentencing; failing to timely, properly and effectively move for suppression of evidence material to her conviction and sentence; and laboring under an actual conflict of interest which adversely affected sentencing and direct appeal.

With respect to the defendant's complaints concerning her counsel's performance at sentencing, she has not provided any argument to support her allegations.

Furthermore, the record does not support the defendant's claim that counsel was ineffective for failing to move for suppression of evidence material to her conviction. During the proceedings in this matter, defense counsel made three motions to suppress evidence. (Filing Nos. 27, 28, and 29). The court held hearings on these motions in front of Magistrate Judge Jaudzemis, who issued Reports and Recommendations that these motions be denied. Judge Shananhan adopted the Reports and Recommendations and denied the motions. (Filing No. 50). Therefore, because the defendant's attorney actually filed timely motions to suppress, the defendant cannot establish either of the *Strickland* prongs proving that her counsel was ineffective.

With respect to the defendant's claim that her counsel labored under an actual conflict of interest, again defendant has failed to provide any evidence to support this allegation. It is her burden to prove that a conflict of interest existed, and the defendant has provided this court with nothing more than her bare assertion. This is not enough to meet her burden. Therefore, defendant's claims are denied.

IT IS ORDERED:

1. The defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 94) is granted in part and denied in part. The Motion is granted with respect to defendant's first claim and denied with respect to her Second and Third claims;

2. The defendant's Motion for status of her § 2255 motion (Filing No. 96) is granted;

3. The Plaintiff's Motion to Extend Time (Filing No. 97) is denied as moot;

4. The resentencing hearing will be scheduled in a separate order;

5. Counsel for the defendant, if previously appointed pursuant to the Criminal Justice Act, is reappointed to represent the defendant for purposes of the § 2255 motion. If retained, counsel for the defendant remains as counsel for the defendant until the § 2255 motion is resolved or until the defendant submits to the court a completed and signed Financial Affidavit and his retained counsel is given leave to withdraw;

6. That upon resentencing, an Amended Judgment will be entered by the court; and

7. The clerk for the court shall provide a copy of this Memorandum and Order to the defendant at the address of record for his current place of incarceration.

DATED this 7th day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge